IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAIME ANDRES MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-02349-N |
| | § | |
| TYSON FOODS INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiff Jaime Andres Martinez's motion to remand [6]. Because complete diversity does not exist between the parties and the Court is without subject-matter jurisdiction in this case, the Court grants the motion.

### I. REMOVAL TO FEDERAL COURT

This action arose when Martinez sued Defendants Tyson Foods, Inc. ("Tyson"), Eliezer Hernandez, Manuel Retana, and Peter Bernard (collectively, "Defendants") in the 95th Judicial District Court of the State of Texas, in Dallas County, for claims arising out of an accident involving a forklift. Martinez was acting within the scope of his employment at Tyson's facility in North Richland Hills, Texas, when another Tyson employee, Hernandez, acting under the direction of the supervisor, Retana, accidentally ran a forklift into a metal rack. Pl.'s Original Pet. 3 [1-1]. Hernandez had been attempting to load metal bars containing large pieces of meat onto the forklift, but when the forklift collided with the metal rack, a metal bar weighing approximately one hundred pounds fell on Martinez, causing head

ORDER – PAGE 1

and body injuries. *Id.* Tyson employs Peter Bernard as its facility safety manager, and he is responsible for implementing all safety procedures at the facility. *Id.* Martinez alleged the accident occurred because of the Defendants' negligence. Martinez seeks over $1,000,000 in monetary relief. *Id.* at 15.

Defendants timely removed the case to this Court. Defs.' Notice of Removal 1 [1]. Martinez moved to remand, arguing that because he and Defendants Hernandez, Retana, and Bernard are residents of Texas, this Court is without subject-matter jurisdiction due to a lack of complete diversity between the parties. Pl.'s Mot. to Remand 2 [6]. Defendants claimed Martinez had improperly joined Hernandez, Retana, and Bernard for the sole purpose of defeating complete diversity. Defs.' Notice of Removal 3. Thus, according to Defendants, removal was appropriate. *Id.*

## II. STANDARD FOR REMOVAL AND IMPROPER JOINDER

### *A. Standard for Removal*

A defendant may remove a state court action to federal court if the defendant establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441(a); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[I]t is the defendant's burden to establish the existence of federal jurisdiction over the controversy."). Thus, to remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of diversity. 28 U.S.C. § 1441(b). However, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of

remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

A federal court has no subject-matter jurisdiction over a diversity case unless the litigants are "citizens of different states." 28 U.S.C. § 1332. The United States Supreme Court has "construed [28 U.S.C. § 1332's] diversity provision to require complete diversity of citizenship. . . . [T]hus [28 U.S.C. § 1332] applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, (1996); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) ("District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states."). A federal court must remand a case if, at any time before final judgment, it appears that the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). Thus, removal from state court is inappropriate when the federal court does not have subject-matter jurisdiction.

### B. Standard for Improper Joinder

The improper joinder doctrine allows a court to "ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction." *Ross v. Nationwide Prop. & Casualty Ins. Co.*, 2013 WL 1290225, at *2 (S.D. Tex. 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)). The Fifth Circuit recognizes two ways to establish improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse

party in state court.'" *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The test for the latter, at issue here, is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "In deciding whether a party was improperly joined, we resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citation omitted). "The burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis*, 326 F.3d at 649 (citation omitted). Defendants "must prove their claim of fraudulent joinder by clear and convincing evidence." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015) (citing *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990)).

### III. HERNANDEZ WAS NOT IMPROPERLY JOINED

The issue before the Court is whether Martinez's complaint establishes a reasonable basis to predict that Martinez will recover against any of the Defendants who are Texas residents. If there is a reasonable basis of recovery against any of the Defendants who are Texas residents, there is not complete diversity between the parties, and the case must be remanded to state court. In determining whether Martinez will recover against the Texas-resident Defendants, the Court looks to the Texas pleading standard. *See Int'l Energy*, 800 F.3d at 149. "Texas follows a 'fair notice' standard for pleading, which requires a court to determine whether the opposing party can ascertain from the pleading the nature and basic

issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

Martinez asserts claims against Hernandez for negligent operation of the forklift: Hernandez "was negligent by failing to keep proper control of the forklift he was operating." Pl.'s Mot. to Remand 2. In Texas, "[t]he elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). Martinez claims Hernandez "had a duty to exercise ordinary care and operate the forklift reasonably and prudently." Martinez claims Hernandez breached this duty by

> (1) failing to timely apply the brakes prior to colliding with the metal rack in question; (2) failing to maintain a proper lookout; (3) failing to maintain proper control of the forklift; (4) failing to properly steer the forklift so as not to collide with the metal rack; (5) failing to have the proper licensure to operate a forklift; and (6) operating a forklift without proper training.

Pl.'s Original Pet. 10. Martinez alleges this breach of Hernandez's duty was the proximate cause of the head and bodily injuries he sustained when the one-hundred pound metal bar fell on him after the forklift dislodged it.

The Court concludes that there is a reasonable basis to believe that Martinez will recover against Hernandez. Hernandez had a duty to operate the forklift with reasonable care. Martinez has alleged sufficient facts under Texas's fair notice pleading standard for the Court to conclude Hernandez breached that duty. There is no dispute that Hernandez's improper driving was the proximate cause of Martinez's injuries. Accordingly, the Court

holds that there is a reasonable basis for recovery against Hernandez, and thus Martinez did not improperly join Hernandez.[1]

The Court declines, however, to grant Martinez's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c) because the Defendants had objectively reasonable grounds for removing the case. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) ("[T]he question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."). Specifically, there was some question as to whether Martinez improperly joined the Texas-resident Defendants to defeat diversity because it is not clear Martinez can recover against all of them.

## CONCLUSION

Because Hernandez was not improperly joined, there is not complete diversity between the parties. Thus, the Court does not have subject-matter jurisdiction in this proceeding. Accordingly, the Court grants Martinez's motion and remands this case to the 95th Judicial District Court of the State of Texas, in Dallas County. Finally, the Court denies Martinez's request for reasonable attorneys' fees and costs.

Signed March 10, 2016.

_____
David C. Godbey
United States District Judge

---

[1] Because the Court finds that Hernandez was not improperly joined, the Court does not reach the issue of whether there is a reasonable basis to believe that Martinez will recover against the other Texas-resident Defendants.

ORDER – PAGE 6